IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>CHIGO AIR CONDITIONING, INC., SA INTERNATIONAL HOLDING, LLC, a California limited liability company; and MJC AMERICA, LTD.,<br><br>Defendants. | 8:23CV331<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION AND NOTICE OF VOLUNTARY DISMISSAL |

This case is before the Court on United States Magistrate Judge Michael D. Nelson's Findings and Recommendation that this case be dismissed as to defendants Chigo Air Conditioning, Inc., (Chigo) and MJC America, Ltd., (MJC) for failure of service pursuant to Federal Rule of Civil Procedure 4(m). Filing 12 at 2. It is also before the Court on Plaintiff's Notice of Voluntary Dismissal as to defendants Chigo and MJC. Filing 13.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), a district court must review de novo the parts of a magistrate judge's findings and recommendation on a dispositive matter to which timely objections have been made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *accord Gonzales-Perez v. Harper*, 241 F.3d 633, 636 (8th Cir. 2001) ("When a party timely objects to a magistrate judge's report and recommendation, the district court is required to make a de novo review of the record related to the objections ...."). On the other hand, neither the applicable statute, rule, nor case law requires the Court to conduct a de novo review of a magistrate judge's findings and recommendation when no objections are filed. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R.

1

Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985) (explaining that nothing in § 636(b)(1) requires a district judge to apply some lesser standard of review than de novo when no objections are filed). Nevertheless, the Court deems it prudent to review Findings and Recommendations to which no objections are filed at least for clear error. *See, e.g., Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). The reviewing district court judge is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). If desired, a reviewing district court judge may "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*; Fed. R. Civ. P. 72(b)(3).

Judge Nelson's Findings and Recommendation states that on November 13, 2023, Judge Nelson filed a show cause order, Filing 9, requiring Plaintiff to show cause why this case should not be dismissed as to Chigo and MJC pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve those defendants within 90 days of removal of this action by defendant SA International Holdings, LLC. *See* Filing 12 at 1. Judge Nelson warned Plaintiff that failure to comply with the show cause order might result in dismissal of this action as to Chigo and MJC without further notice. Filing 12 at 1. Plaintiff did not respond to the show cause order, and there is still no indication that Chigo or MJC has been served and received notice of this lawsuit. Filing 12 at 1. Consequently, Judge Nelson recommends that this case be dismissed as to defendants Chigo and MJC for failure of service pursuant to Federal Rule of Civil Procedure 4(m). Filing 12 at 2.

Less than an hour after Judge Nelson filed his Findings and Recommendation, Plaintiff filed a Notice of Voluntary Dismissal as to Chigo and MJC pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Filing 13 at 1. Plaintiff seeks dismissal of Chigo and MJC without

prejudice. Filing 13 at 1. Thus, Plaintiff clearly has no objection to Judge Nelson's Findings and Recommendation. Plaintiff represents that it is conferring with defendant SA International Holdings, LLC's Counsel and anticipates filing a Stipulation of Voluntary Dismissal in the next 7 to 10 days. Filing 13 at 1.

The Court has reviewed the record and finds no error—clear or otherwise—in Judge Nelson's Findings and Recommendation in light of Plaintiff's filing of its Notice of Voluntary Dismissal as to the same defendants. *See Grinder*, 73 F.3d at 795. The Court also concurs in Judge Nelson's conclusion that dismissal of this case pursuant to Rule 4(m) is appropriate under the circumstances, and the Court finds that the dismissal should be without prejudice as requested by Plaintiff. Accordingly,

IT IS ORDERED that,

1. The Court accepts Judge Nelson's Findings and Recommendation, Filing 12, in its entirety pursuant to 28 U.S.C. § 636(b)(1), and Federal Rule of Civil Procedure 72(b)(3);

2. Plaintiff's Notice of Voluntary Dismissal as to Chigo and MJC pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Filing 13, is granted; and

3. This case is dismissed without prejudice as to defendants Chigo Air Conditioning, Inc., (Chigo) and MJC America, Ltd., (MJC) for failure of service pursuant to Federal Rule of Civil Procedure 4(m).

Dated this 12th day of December, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge